UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NATHAN DANNIE WORKMAN, <br><br> Defendant. | Case No. 1:19-cr-00260-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant, Nathan Workman's Motion for Early Termination of Supervised Release. Dkt. 41. The Government has not filed a response the Motion and Federal Probation leaves it to the discretion of the Court.

Having reviewed the record, the Court finds that the defendant has adequately presented the facts and legal arguments in his brief. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Defendant's Motion.

## II. BACKGROUND

On August 14, 2019, Workman was indicted on two counts of Possession of a

Firearm with Obliterated serial number, in violation of 18 U.S.C. § 922(k) and one count possession and sale of stolen firearms, in violation of 18 U.S.C. § 922(j). Workman, pursuant to a plea agreement, plead guilty to Count Three of the Indictment on May 28, 2020. Dkt. 25. On August 19, 2020, the undersigned sentenced Workman to 21 months incarceration and 3 years of supervised release. Dkt. 33. On April 18, 2023, Workman filed the instant motion asking the Court to grant him early termination of probation. Dkt. 41. The Government did not file a response.

### III. DISCUSSION

Section 3583(e)(1) "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' " *Id.* (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quoting 18 U.S.C. § 3583(e)(1)). *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Turning to the factors the Court must consider under 18 U.S.C. § 3553(a)[1], Workman plead guilty to possession and sale of stolen firearms. The sentencing guideline

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

MEMORANDUM DECISION AND ORDER - 2

in this case was 21-27 months. Workman has served about two and one-half years of his three-year term of supervised release without any violations. The district court may, under factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1). *United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007).

According to Federal Probation, Workman has performed well on supervised release and has had no violations during his term. The Government did not file a response to the Motion. While the Court recognizes that compliance with the terms of supervised release is to be expected, this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). When the Court applies all the factors outlined in 18 U.S.C. §§ 3553(a)(1), early termination of supervised release is warranted and is in the interest of justice.

## IV. ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (Dkt. 41) is **GRANTED.** The Defendant's supervised release is terminated effective as of the date of this Order.

DATED: September 21, 2023

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3